UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M-I, L.L.C., | § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-09-cv-01552 |
| | § § | |
| CHAD LEE STELLY, et al., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Rehearing and Reconsideration and for Ruling. (Doc. No. 76.) After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion should be denied.

This Court conducted an evidentiary hearing on Plaintiff's Emergency Verified Motion for Expedited Preliminary Injunction (Doc. No. 8) on July 16, 2009. Following the hearing and its review of the parties' post-hearing briefing, the Court issued a Memorandum and Opinion denying Plaintiff's Motion. (Doc. No. 75.) Plaintiff now moves the Court to reconsider its reasoning in that Order, arguing that Defendant WES is in possession and control of evidence that this Court believed Plaintiff needed to prevail at the preliminary injunction hearing.

In its Motion, Plaintiff reasserts its objection to the Court's previous ruling, on July 13, 2009, denying Plaintiff the ability to conduct expedited discovery with respect to WES's documents. According to Plaintiff, the parties entered into a discovery agreement to exchange information, and while Plaintiff produced thousands of documents,

1

Defendants have only produced approximately one hundred pages, consisting mostly of cell phone records. Thus, Plaintiff claims that it does not have the documents required to complete its Motion for Preliminary Injunction and to adequately cross-examine Defendants regarding their alleged defenses. Specifically, Plaintiff argues that the Court should have ordered WES to produce documents regarding its employees' pay records and documents showing use by WES of trade secrets.

As a preliminary matter, WES and Defendant Knobloch point out that they were not a party to the discovery agreement Plaintiff entered into with Defendants Stelly and Squyres. Furthermore, Plaintiff chose to proceed to the preliminary injunction without waiting to receive WES and Knobloch's response to Plaintiff's Request for Production, which were due on August 1, 2009. Defendants further point out that Plaintiff had not previously requested that Defendants produce pay records for WES employees in its requests for production or interrogatories. (Doc. No. 33, Ex. F and G; Doc. No. 41.) Finally, Defendants contend that Plaintiff did not need evidence of trade secrets abuse at the hearing because it proceeded on the theories of "employee raiding" and "inevitable disclosure."

The Court finds Defendants' arguments persuasive. Plaintiff chose to proceed to the preliminary injunction hearing without receiving documents from WES and Knboloch; if it receives dispositive evidence through discovery that was not available at the hearing, Plaintiff can move for summary judgment or assert a second motion for an injunction based on that new evidence. Further, the Court's denial of Plaintiff's Motion for Preliminary Injunction rested in large part on Plaintiff's inability to show irreparable harm—Plaintiff's Motion for Reconsideration does not address this issue. As a final

note, the Court would like to point out that its ruling on Plaintiff's Motion for Preliminary Injunction does not necessarily reflect the Court's opinion on the ultimate merits of Plaintiff's case.

For these reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 2nd day of September, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**