IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M-I L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-01552 |
| | § | |
| CHAD L. STELLY, | § | |
| STEPHEN SQUYRES, | § | |
| BENTON T. KNOBLOCH and | § | |
| WELLBORE ENERGY SOLUTIONS, | § | |
| L.L.C., | § | |
|     Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL AND ENFORCE SUBPOENA FOR RECORDS OF NON-PARTY CHRIS A. VERRET AND MOTION FOR ATTORNEY FEES AND DEFENDANTS' MOTION FOR ATTORNEY FEES**

Defendants Benton T. Knobloch, and Wellbore Energy Solutions, L.L.C. ("WES") (together "Defendants") ask the court to deny Plaintiff M-I L.L.C.'s ("M-I") motion to compel and enforce subpoena for records of non-party Chris A. Verret and motion for attorney fees (Doc. No. 156) and grant Defendants' motion for attorney fees.

**I.  RESPONSE**

    **A.  Background**

1.  Plaintiff M-I served a subpoena and notice of deposition on written questions to Chris Verret ("Verret"), a non-party Louisiana attorney who assisted in the establishment of WES, but in error served it out of this Court. WES quashed it because it was improperly issued. M-I then corrected its mistake and served the subpoena out of the court with jurisdiction over the non-party attorney, the Western District of Louisiana. At that time, WES filed a motion to quash in order to protect attorney-client, work product and trade secret privileges. After a hearing, at which Judge Hannah noted his particular concern that Verret

was being sought to be deposed in is capacity as an attorney for one or more of the defendants, the subpoena was transferred back to this court, which has jurisdiction over the matter in controversy.

2. M-I disparages Judge Hannah's intelligence and alleges that defendants "confused Magistrate Judge Patrick Hannah into believing the requested documents somehow involved trade secrets."[1] Judge Hannah was not confused, but instead saw an attempt to gain access to sensitive and privileged (attorney-client, work product, and possibly trade secret) information and he would not allow it.[2]

3. Any delay or procedural mistakes were caused by M-I's counsel, not "roadblocks" by defendants. Defendants' counsel are just trying to protect their clients and at all times have acted within the Federal Rules of Civil Procedure and this Court's orders.

4. Per the Court's December 10, 2009, order for expedited response (Doc. No. 176) and in the interest of cooperation, Defendants counsel diligently reviewed Verret's file in light of M-I's requests for documents.[3] Defendants' counsel then tried to work this dispute out with counsel for M-I and did resolve some issues. However, it is unclear to Defendant why this motion is still being urged by M-I.

**B.    M-I Requests and Defendants' Responses**

5. M-I made the following requests:

**(a) time records relating to pre-incorporation meetings with the principals who participated in the formation of Wellbore Energy Solutions, L.L.C. ("WES").**

6. This issue is moot. Defendants produced responsive time records, redacted for

---

[1] M-I L.L.C.'s Third Motion to Compel and Enforce the Subpoena for Records of Non-Party Chris A. Verret and Motion for Attorney Fees, P. 2, ¶ 1, second to last sentence.

[2] Judge Hannah's Minutes of Hearing and Order (Doc. No. 174).

[3] *See* Doc. No. 158, Ex. D, P, 53 of 138.

00155004                                              2

privilege.

**(b) time records relating to the preparation and execution of corporate minutes for WES.**

7. This not an issue. Verret's file did not contain records relating to the preparation and execution of corporate minutes for WES.

**(c) time records relating to the chartering and formation of WES.**

8. This issue is moot. Defendants produced responsive time records, redacted for privilege.

**(d) each back up document that supports your billing records for the pre incorporation activities, and the formation of WES, and the chartering of WES.**

9. In response to this request, Defendants produced correspondence with the Louisiana Secretary of State, Articles of Organization for WES (even though M-I already has a copy, which it has even filed with the Court – *see* Doc. No. 8, Exhibit "F") and the reservation of WES's limited liability company.

10. However, the remainder of the responsive documents includes attorney-client emails and handwritten attorney notes, which are protected by attorney-client and work product privilege. M-I has no legal or factual basis on which to compel these documents.

11. Over 60 years ago, the Supreme Court rejected "an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties."[4] That's what Judge Hanna wanted to prevent, and that is what this Court should prevent.

12. The attorney-client privilege is the oldest of the privileges for confidential

---

[4] *Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947).

communications known to the common law. The attorney-client privilege prevents disclosure of confidential communications between an attorney and client made for the purpose of seeking or rendering legal services.[5] Under the attorney-client privilege, a party "has a privilege to refuse to disclose, and prevent its attorneys from disclosing confidential communications between its representatives and its attorneys when the communications were made to obtain legal services."[6]

13. Further, Rule 26(b)(3)(A) protects attorney "work product" from discovery.[7] Opinion work product consists of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party.[8] Attorney notes and drafts are prime examples of opinion work product.[9]

14. Working in accordance with the Rules, Defendants have justifiably withheld this information and are expressly claiming that the information is privileged.[10] Defendants have produced a privilege log that describes the nature of the documents not produced in a manner that, without revealing information itself privileged or protected, will enable M-I to assess the claim of privilege.

---

[5] *Upjohn Co. v. U.S.*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *U.S. v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir.1982).

[6] *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir.1999).

[7] FED. R. CIV. P. 26(b)(3)(B); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3rd. Cir. 1988).

[8] *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, at 183 (2nd Cir. 2007).

[9] *See e.g., Upjohn Co. v. U.S.*, 449 U.S. at 399-400; *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 478-9 (N.D.Ill.2002) (letter from attorney is classic opinion work product as it contains the attorney's mental impressions and legal theories); *Nesse v. Pittman*, 202 F.R.D. 344, 350-1 (D.D.C.2001) (draft response letter from attorney is opinion work product because decision to file or alter letter reflects the attorney's mental thoughts and theories); *Director, Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124, F.3d 1304, 1308 (D.C.Cir.1997) (Even purely factual attorney notes may reflect an opinion since an attorney reveals her view of the case in deciding what to write and what to omit).

[10] FED. R. CIV. P. 26(b)(5)(A).

M-I argues in its motion to compel that it seeks "whether, when and with whom that the communication took place."[11] The privilege log will allow M-I to see who was involved in the conversations and when they took place. This information is in the Privilege log which has already been provided to M-I. M-I is jumping the gun, again.

**(e) each pre-incorporation document of which you assisted in the preparation related to the formation of WES, including but not limited to: (1) first organizational minutes for WES; (2) articles of incorporation; (3) documents filed with state and/or federal authorities; and (4) stock or shares ledger showing stock or shares issued by WES.**

15.     There is nothing to compel. Verret's file did not contain documents related to organizational minutes for WES, documents filed with state and/or federal authorities, or stock or shares ledgers. As to the Articles of Organization it was produced even thought M-I already had a copy, which M-I even filed with the court.[12]

### C.     M-I's Motion for Attorney's Fees

16.     Defendants have acted in good faith. Any delay or procedural mistakes were caused by M-I's counsel, not "roadblocks" by defendants. Defendants' counsel are just trying to protect their clients and at all times have acted within the Federal Rules of Civil Procedure and this Court's orders. In addition, attorney fees are especially improper because M-I filed its motion before a good-faith attempt to obtain the discovery without court action. *See* FED. R. CIV. P. 37(a)(5)(A)(i).

### D.     WES' Motion for Attorney Fees

17.     Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), if the motion to compel is denied the Court must require the movant, the attorney filing the motion, or both to

---

[11] M-I L.L.C.'s Third Motion to Compel and Enforce the Subpoena for Records of Non-Party Chris A. Verret and Motion for Attorney Fees, p.5, ¶ 12 (Emphasis added).

[12] (Doc. No. 8, Exhibit "F").

pay the parties or deponent who opposed the motion, Defendants, its reasonable expenses incurred in opposing the motion, including attorney's fees. The Court should award attorney fees to Defendants for this frivolous and premature motion.

### E.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Benton Knobloch, and Wellbore Energy Solutions, L.L.C. request that Plaintiff M-I's Third Motion to Compel and Enforce the Subpoena for Records of Non-Party Chris A. Verret and Motion for Attorney Fees be denied, award fees to Defendants and grant Defendant whatever other relief the court deems proper.

Dated this 18th day of December, 2009.

Respectfully submitted,

SCHWARTZ, JUNELL, GREENBERG
& OATHOUT, L.L.P.


/s/ Roger B. Greenberg
Roger B. Greenberg
Texas State Bar No. 08390000
Jason P. Sharp
Texas State Bar No. 24039170
Two Houston Center
909 Fannin, Suite 2700
Houston, Texas  77010
Tel:  (713) 752-0017
Fax:  (713) 752-0327

**COUNSEL FOR DEFENDANTS
WELLBORE ENERGY SOLUTIONS,
L.L.C. AND BENTON T. KNOBLOCH**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing *Defendants' Response to Plaintiff's Third Motion to Compel and Enforce Subpoena for Records of Non-Party Chris A. Verret and Motion for Attorney Fees and Defendants' Motion for Attorney Fees* thereon have been served upon the following:

    Ben L. Aderholt @ baderholt@lrmlaw.com
    Craig D. Dillard @ cdillard@boyarmiller.com
    Michel Perez @ mperez@boyarmiller.com

by ECF electronic notification on this the 18th day of December, 2009.

                                                  */s/ Jason P. Sharp*
                                                    Jason P. Sharp