UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M-I L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1552 |
| | § | |
| CHAD LEE STELLY, et al. | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are the following motions relating to discovery:

- Defendants' Motion to Authorize the Reconfiguration of Mountain Drilling Company's FTP Website (Doc. No. 461);
- Plaintiff's Motion to Compel the Production of Documents Related to Halliburton's Acquisition and Valuation of Defendant Wellbore Energy Solutions, L.L.C. ("WES") (Doc. No. 490);
- Defendants' Motion for a Finding of Plaintiff's Violation of the Court's Protective Order (Doc. No. 499); and
- Plaintiff's Motion to Compel Production of Forensic Images of Defendant WES's Computers (Doc. No. 510).

At the request of Defendants, the Court also ordered an in camera inspection of Plaintiff's privileged documents (Doc. No. 518). Plaintiff provided these documents to the Court on October 20, 2011.

**I.   IN CAMERA REVIEW**

Plaintiff provided the Court with copies of the thirty documents identified in the privilege log in order to conduct an in camera review. The Court has reviewed the documents, but needs more information before determining whether the documents were correctly withheld as privileged. As noted at the hearing on October 21, 2011, many of the emails referenced attachments that were not provided to the Court. (Tr., Doc. No. 536, at 43.) The Court requests

1

that Plaintiff provide the attachments referenced in each email so that the Court may complete its in camera review.

## II. DEFENDANTS' MOTION FOR A FINDING OF PLAINTIFF'S VIOLATION OF THE COURT'S PROTECTIVE ORDER

Defendants believe that Plaintiff M-I has improperly shared the contents of Defendants' "Attorney's Eyes only" documents with at least one M-I employee. However, at the hearing on October 21, 2011, the Court ruled that it would not order sanctions at this time. Therefore, the motion is denied without prejudice**.** The Court will rule on any issue of excluding information or witnesses or issuing adverse instructions at a later date.

## III. DEFENDANTS' MOTION TO AUTHORIZE THE RECONFIGURATION OF MOUNTAIN DRILLING COMPANY'S FTP WEBSITE

Defendants have asked the Court to "authorize," not order, Mountain Drilling Company to reconfigure their website. Defendants have represented to the Court that Mountain Drilling may be deterred from complying with Defendants' request because of the Court's previous orders. The Court wishes to clarify that none of its previous orders should prevent Mountain Drilling, if it so chooses, from reconfiguring the website and producing the information requested by Defendants. However, the Court reminds the parties to comply with the terms of the Amended Agreed Protective Order (Doc. No. 260) if any confidential information is produced.

## IV. PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO HALLIBURTON'S ACQUISITION AND VALUATION OF DEFENDANT WES

Plaintiff requests that the Court compel Defendant WES to produce documents related to Halliburton's acquisition and valuation of Wellbore Energy Solutions, Inc., including discussions with management, the Stock Purchase Agreement, due diligence documents, and financial

2

statement information. However, Defendant WES maintains that no relevant documents exist, either in its possession or in the possession of another entity. Accordingly, the Court requests that Defendant submit a sworn statement confirming that no documents exist that value the tools or alleged trade secrets at issue in this case. This statement must be submitted within ten days of this order.

V.  **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF FORENSIC IMAGES OF DEFENDANT WES'S COMPUTERS**

Plaintiff moves the Court to compel production of forensic images of Defendant WES's computers under Rule 34(a)(1). Plaintiff provides the Court with evidence showing that confidential information was transferred from Defendant Stelly's computer to USB devices, and therefore Plaintiff wishes to inspect the computers in order to determine whether this information was then transferred to WES.

The Court finds that Plaintiff has presented sufficient information to show that it is entitled to this information. Plaintiff has provided reports showing that confidential information was found on the two USB devices used by Defendant Stelly, and Plaintiff believes that this information was transferred to WES. Therefore, Plaintiff is entitled to discovery in order to determine whether any of its confidential information or trade secrets were uploaded to Defendant WES's computers. *See Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 184889, at *2 (W.D. La. Jan. 22, 2007) ("[Plaintiff] is entitled to production of the requested computers because such computers are, if [Plaintiff's] allegations are true, among the most likely places [Defendant] would have downloaded or stored the data allegedly missing from [Plaintiff's] laptop. As such, the request is reasonably calculated to lead to the discovery of admissible evidence."); *Ameriwood Industries, Inc. v. Liberman*, No. 4:06 CV 524-DJS, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006), *amended by* 2007 WL 685623 (E.D. Mo. Feb. 23, 2007)

3

("Particularly, allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between plaintiff's claims and the need to obtain a mirror image of the computer's hard drive.")

Plaintiff alleges that Defendant WES has failed to comply with a Court order to produce this information. The Court finds no evidence that Defendant WES has failed to provide information compelled by this Court's Order of December 3, 2009 (Doc. No. 155). That Order did *not* require Defendant to provide M-I access to the computers at issue. It granted Plaintiff's motion to compel by ordering Defendant to produce "non-trade secret information," and then instructed both parties to proceed to a second round of discovery where information containing trade secrets was produced. (*Id.* at 1.) However, Plaintiff also notes that Defendant deletes versions of some of its technical documents. (Mot., Doc. No. 510, at 7.) Defendant WES contends that this does not amount to document destruction; however, it is evidence of a WES practice of deleting some documents from its computers. Therefore, Plaintiff is entitled to production of the registry files or other deleted files that provide information on whether Defendant Stelly transferred M-I documents to WES computers from his USB devices. *See Ameriwood Industries*, 2006 WL 3825291, at *3 (citing *Antioch Co. v. Scrapbook Borders, Inc.,* 210 F.R.D. 645, 652 (D. Minn. 2002)).

As recognized by the Advisory Committee, Rule 34(a) "is not meant to create a routine right of direct access to a party's electronic information system," as "[i]nspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy." Fed. R. Civ. P. 34, Notes of Advisory Committee on 2006 Amendments. Thus, "[c]ourts should guard against undue intrusiveness resulting from inspecting or testing such systems." *Id.* The Court agrees with

4

Defendant that allowing Plaintiff full access to Defendant's electronic storage devices would unnecessarily jeopardize Defendant's trade secrets.

Therefore, the Court will appoint an independent expert to examine the devices. *See, e.g.*, *Ameriwood Industries,* 2006 WL 3825291, at *5–6; *Cenveo Corp. v. Slater,* No. 06-CV-2632, 2007 WL 442387, at *1–3 (E.D. Pa. Jan. 31, 2007). Defendant WES must provide the expert with access to the computers in use at the time Halliburton acquired WES. The independent expert will (1) examine the electronic file associated with the USBSTOR registry key in the Windows System Registry and the setupapi.log, in order to determine whether the USB devices were connected to the WES computers; and (2) examine the computers to determine whether any of the M-I files on the USB devices[1] were transferred to the computers. The expert will sign a confidentiality agreement and will direct his or her report to the Court.

In order to facilitate the selection of an expert, the Court requests that Plaintiff and Defendant WES each submit three names for the Court's consideration by November 29. Each party will also be allowed to strike one of the opposing party's proposed experts by November 30. As the Court does not find that Defendant has disobeyed a previous court order in refusing to produce the computers to Plaintiff for inspection, the Court orders Plaintiff to pay for the cost of the expert. Plaintiff may move for attorneys' fees at a later date if the expert's investigation reveals that Defendant withheld documents responsive to a court order.

## VI. CONCLUSION

Based on the foregoing, the Court concludes that:

- Defendants' Motion to Authorize the Reconfiguration of Mountain Drilling Company's FTP Website must be **GRANTED** in part;
- Plaintiff's Motion to Compel the Production of Documents Related to Halliburton's Acquisition and Valuation of WES must be **GRANTED** in part;

---

[1] These files are identified in the May 1, 2009 Guidance Software Examination Report (Doc. No. 510-4) and the May 13, 2009 Guidance Software Examination Report (Doc. No. 510-5).

- Defendants' Motion for a Finding of Plaintiff's Violation of the Court's Protective Order must be **DENIED** without prejudice; and
- Plaintiff's Motion to Compel Production of Forensic Images of Defendant WES's Computers must be **GRANTED** in part.

Furthermore, Plaintiff is ordered to produce the missing attachments to its privileged documents for the Court's in camera review.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the 21st day of November, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE