UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M-I L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1552 |
| | § | |
| CHAD L. STELLY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendants' Motion for Leave to File a Motion to Strike Supplemental Expert Report of Thomas Britven ("Britven Motion") (Doc. No. 739) and Defendants' Motion for Leave to File a Motion to Strike Supplemental Expert Report of William W. Fleckenstein ("Fleckenstein Motion") (Doc. No. 742).

Under Rule 16, a district court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether a movant has demonstrated "good cause," the Fifth Circuit has instructed courts to consider four factors: (1) the explanation for the failure to timely file the motion; (2) the importance of the motion; (3) potential prejudice in allowing the motion; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Plaintiff served Mr. Britven's supplemental report on April 18, 2012 (Britven Mot. at 2) and Dr. Fleckenstein's report on April 21, 2012 (Fleckenstein Mot. at 2). Thus, these reports were served two weeks after the deadline for amended and supplemental expert reports under

1

Rule 26(a) of the Federal Rules of Civil Procedure, and over two months after the deadline for dispositive and non-dispositive motions. Defendants could not possibly have filed these motions before the motions deadline. Thus, Defendants have provided an adequate reason for the failure to timely file the motions.

The Court finds that the motions are important to address M-I's failure to comply with the deadlines in the Federal Rules of Civil Procedure, and ensure that no party is ambushed by supplemental expert opinions served within weeks of trial. Defendants would suffer prejudice if the Court did not allow them to challenge new opinions offered only after the deadline for supplemental reports.

Accordingly, the Court finds that Defendants' Motions must be **GRANTED**. Given the impending trial date, the parties should be prepared to discuss the motions to strike at the hearing scheduled for Tuesday, May 1, 2012, at 3:00 p.m.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 1st day of May, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE