UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M-I L.L.C., | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-09-1552 |
| | § |
| CHAD L. STELLY, et al., | § |
| | § |
|     Defendant. | § |

## ORDER

Pending before the Court is Plaintiff's Motion for Clarification and for Reconsideration (Doc. No. 751). Under Rule 54 of the Federal Rules of Civil Procedure, the Court may revise its order "at any time before the entry of a judgment" because it did not dispose of all issues against all parties. Fed. R. Civ. P. 54(b). The Court finds that M-I's Motion should be **GRANTED IN PART**.

M-I first moves for clarification with respect to M-I's CFAA claims. In M-I's Response to Defendants' Amended Motion for Summary Judgment, it mistakenly included a footnote under the CFAA heading stating that "M-I does not accuse each individual Defendant of Interference with M-I's Prospective Business Relations and Contracts, apart from those individuals' actions on behalf of WES." (Resp., Doc. No. 702, at 31 n.28.) Defendants interpreted this, in their Reply, to mean that M-I was no longer asserting its CFAA claims against the individual Defendants (Reply, Doc. No. 713, at 2–3), and the Court so ruled in its Order. (Memorandum and Order, Doc. No. 744, at 9.) The Court inadvertently missed a footnote in M-I's Sur-Reply, which clarified that M-I was still asserting its claims against Defendants Stelly and Knobloch. (Sur-Reply, Doc. No. 719, at 10 n.9.) As noted in the Court's Order, the

1

evidence showed an issue of material fact with respect to whether Stelly downloaded files onto his Maxtor hard drive for personal use. M-I also asserted that Stelly was acting as an agent of Knobloch (Resp. at 33), and Defendants did not dispute this argument with law or summary judgment evidence. Accordingly, the Court finds that M-I has raised an issue of material fact on the CFAA claims against Stelly and Knobloch.

M-I further moves for reconsideration of the grant of summary judgment for Stelly on M-I's claims for (1) misappropriation of non-technical trade secrets, (2) interference with prospective business relations and contracts, and (3) unfair competition by misappropriation and use. The Court granted summary judgment because M-I stated, in its Response, that it was no longer asserting these claims. (Memorandum and Order at 9.) However, M-I now contends that it has new evidence from Mr. Craig Ball that warrants reconsideration. M-I does not explain why it did not supplement its summary judgment briefing earlier, when it first learned of the new evidence against Stelly, on March 20. M-I knew that the Court would grant summary judgment on these claims against Stelly, as M-I itself informed the Court that it was no longer asserting those claims in its Response. Moreover, Defendants objected to the introduction of Mr. Ball's report as proper summary judgment evidence, and the Court did not consider any statements of Mr. Ball, as he did not clearly make his statements "under penalty of perjury." (*Id.*) The Court will not allow M-I to reassert its claims just one week before trial, based on evidence it had in its possession over one month earlier.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 1st day of May, 2012.

KEITH R. ELLISON
UNITED STATES DISTRICT JUDGE